W. E. POOLE, *et al.,* v. ELIZABETH S. DEVANE.

151 So. 313.

Opinion Filed Nov. 26, 1933.

*M. A. Rosin,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

WHITFIELD, P. J.—Appellee brought a bill of complaint against the four appellants in which it is in effect alleged that complainant is the owner in fee simple of described land, which is wild, unimproved and unoccupied, and is chiefly valuable for the timber thereon; that W. E. Poole

and P. F. Sellers claim some interest in the land by reason of a tax deed issued to them June 15, 1931, in pursuance of a sale of the land in 1926 for alleged non-payment of taxes for the year 1925; that complainant is informed and believes defendants, Riverside Farms Association, Inc., and Z. Russ, claim some interest in the timber on the land by reason 'of some arrangement or understanding between them and the other two defendants, predicated upon said tax deed; "that although said defendants, Sellars and Poole, hold tax deeds to said land, * * * and although defendants, Riverside Farms Association, Inc., and said Z. Russ, claim to be cutting said timber in pursuance and by virtue of said tax deeds, your oratrix charges the fact to be that said tax deeds are null and void and of no effect and neither of the defendants herein acquired any right, title or interest in and to said land or any right, title or interest in and to the timber aforesaid, or any right to cut and remove same under and by virtue thereof, and that neither of said defendants claim any interest in said land other than under and by virtue of said tax deed, but your oratrix further shows unto your Honor that said tax deeds are null and void and of no effect for the following reason :

"The laws of the State of Florida require that County Commissioners shall determine the amount to be raised for all county purposes, each year, and shall enter upon their minutes each year, the rate to be levied for each fund respectively and shall ascertain the aggregate rate necessary to cover all such taxes and report the same to the county assessor of taxes who shall carry out the full amount of taxes for county purposes; * * * that County Commissioners of Glades County, Florida, in the year 1925, failed to determine the amount to be raised by taxes for all county purposes and failed to ascertain aggregate rate necessary

to cover all of such taxes and to report the same to county assessor of taxes as required by law; * * * that the minutes of the Board of County Commissioners of Glades County, Florida, shows that County Commissioners of Glade County met on August 3, 1925, and passed the following resolution:

" 'Whereas, pursuant to law Board of County Commissioners of Glades County have made up and caused to be published according to law in such cases made and provided a budget of expenses for said county for fiscal year ending Sept. 30th, 1926, and there being no objection filed to said budget by the taxpayers of said county,

" 'THEREFORE BE IT RESOLVED, That said budget as advertised be and is hereby adopted and whereas it is necessary that tax levy be made upon taxable property in County of Glades for meeting requirement of said budget,

" 'THEREFORE BE IT RESOLVED,. That the following tax levy for fiscal year ending Sept. 30, 1926, be and is hereby adopted and same be duly certified to tax assessor to be assessed against all property within the county both real and personal as it appears on the 1925 tax roll, to-wit:

"General Fund .................. 10 mills on   the dollar
"Fine and Forfeiture Fund   2 mills on the dollar
"Gen. Road Fund ............   8 mills on the dollar
"Jail and Ct. House ........   4 mills on the dollar
"A and M. Pension Fund ½ mills on the dollar
"Agric. Fund ....................  ½ mills on the dollar
"Bonded  Indebtedness .... 25 mills on the dollar
"Gen. School Fund ............ 10 mills on the dollar

"That passage of resolution aforesaid was the only action the Board of County Commissioners took in 1925 in order to determine the amount to be raised for all county purposes and in order to ascertain the aggregate rate necessary to cover all such taxes in said county; * * * that the said

purported assessment of your oratrix's land in 1925 and sale thereof in 1926 for failure to pay said assessment and tax deeds issued to defendants therein, Sellars and Poole, based upon the sale of said land for 1926 as aforesaid for the reasons aforesaid are null, void and of no effect and the defendants herein acquired no right, title or interest in and to your oratrix's land or the timber situated thereon under and by virtue of said assessment, sale or tax deeds, or otherwise; * * * That although said tax deeds * * * are null and void for the reasons hereinbefore set forth, that still same are of record in Glades County, Florida, * * * and that the same cast a cloud upon the title of your oratrix's land and greatly depreciates the value thereof and hinders and delays your oratrix in the enjoyment and use of her said property; your oratrix as condition precedent to entry of decree cancelling the said tax deeds hereby offers to do equity by paying and returning to defendants herein, Poole and Sellars, all money paid by them in connection with acquiring said tax deeds and to abide by any decree that this Court may enter that may be equitable, and your oratrix now offers to so pay unto said defendants such amount of money as the Court may find to be due them for money expended by said defendants or either of .them, in acquisition of tax deeds aforesaid, or any other money that the Court may deem it equitable that your oratrix should refund and repay unto said defendants or either of them."

Prayer is for injunctions, cancellations and other relief.

A temporary injunction was granted.

The defendants, W. E. Poole and P. F. Sellars, filed an answer asserting the validity of the tax deed.

The defendants, Riverside Farms Association, Inc., and Z. Russ, filed a motion to dismiss the bill of complaint, and all matters dependent thereon, and also filed a motion to

dissolve the temporary injunction, each motion substantially upon grounds:

"1. Said Bill of Complaint does not state a ground recognized by the laws of the State of Florida as reason or ground for setting aside tax deed or tax deeds;

"2. Said Bill of Complaint discloses the fact to be that the defendants and each of them have title or right to the property in the Bill of Complaint described, which said title or right is paramount to that of the complainant;

"3. There is no equity in said Bill of Complaint."

On March 22, 1932, the court ordered that: "After argument, Motion to Dismiss and Motion to dissolve injunction overruled and denied. Defendants may answer on May Rule Day."

Two defendants, W. E. Poole and P. F. Sellars, filed a motion to dissolve the temporary injunction and to dismiss the bill of complaint on grounds similar to the motions of other defendants. This motion was overruled and denied March 22, 1932. All the defendants appealed from the order of March 22, 1932, "overruling and denying motion to dismiss and motion to dissolve temporary injunction filed by them in this cause."

Each of the orders of March 22, 1932, denies a motion to dismiss and a motion to dissolve the temporary injunction, one motion being by two defendants and the other motion by the other two defendants.

If the appeal taken by all the defendants be regarded as limited to the order made on the motions of the two defedants, Riverside Farms Association, Inc., and Z. Russ, those motions being to dismiss the bill of complaint and to dissolve the temporary injunction, go to the merits of the controversy, all parties being brought here by the appeal.

It is in effect alleged that the tax deed obtained by W. E. Poole and P. F. Sellars upon a tax certificate issued in 1926 for 1925 taxes is void because the assessment of the land for the year 1925 was invalid in that in 1925 "the county commissioners failed to determine the amount to be raised by taxes for all county purposes, and failed to ascertain aggregate rate necessary to cover all of such taxes," and that no proper record of the levy was duly recorded.

The resolution of the County Commissioners quoted above is a sufficient compliance with the statute, Section 937 (731), Compiled General Laws, at least when the proceedings of the County Commissioners under the county budget law in force in 1925, as referred to in the resolution, are considered. See Section 2306 (1528), Compiled General Laws.

The statute referred to in McLeod v. Williams, 73 Fla. 338, 74 So. 409, was Section 2 of Chapter 6157, Acts of 1911, the tax levy Act of 1911, which is quite different from the corresponding tax levy Act of 1925, Section 2, Chapter 11333. In the McLeod v. Williams case the tax assessment was not held to be void for non-compliance with Chapter 6157.

The 1925 tax assessment made in this case is not shown by the allegations of the bill of complaint to be invalid, and consequently the tax deed under which the defendants claim is not shown to be invalid, so the effect of Chapter 14572, Acts of 1929, as a validating Act need not be discussed.

Reversed.

DAVIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.